## No. 3016.—A. WEBER v. C. A. GORSUCH et als.

·The third section of the act of 1869 which authorizes the sale of property seized under execution to be sold without appraisement when it appears that, in the event any party refuses to qualify as appraiser under the provisions of this act, then the property shall be sold without any appraisement whatever, is constitutional.

There is no lesion in judicial sales.

.A second mortgage creditor who seeks to annul a judicial sale made at the suit of first mortgage creditors, on the allegation of collusion between the judgment debtor, the sheriff and the purchaser, can not be permitted to prove that the debtor was at the time deficient in mental capacity, and was therefore incapable of making a contract.

APPEAL from the Second Judicial District Court, parish of Jefferson. *Pardee,* J. *B. C. Elliott,* for plaintiff and appellant. *Brickell & Marr, Breaux & Fenner* and *N. Commandeur* and *W. T. Scott,* for .appellees.

HOWELL, J. Plaintiff, as second mortgage creditor of one Thomas ·Clark, sues to restrain the completion of a sheriff's sale of property sold by the sheriff of Jefferson parish under three executions issued from the court of the sixth justice of the peace of Orleans, and to .annul the said sale with damages on the grounds :

*First*—Of collusion and fraudulent combination between Gorsuch, ·Clark, the sheriff and Hugh Murphy, the adjudicator, to the prejudice of plaintiff and with a knowledge of the nullities of the proceedings .under which the sale was made by the sheriff.

.*Second*—Want of appraisement of the property.

*Third*—Nullity of the judgments and proceedings under which the sale was made.

*Fourth*—The sale was made for less than one-sixth of the real value ·of the property.

Gorsuch, Murphy and the sheriff plead the general issue, and Clark having died after default was entered, his administrator admits the allegations of the petition, except the charge of fraud and collusion, .and sets up the mental imbecility of Clark at the time of the seizure and sale by the sheriff and for a year previous thereto to the knowledge .of his co-defendants, the nullity of the proceedings in the several suits of Gorsuch v. Clark and the excessiveness of the seizure,

From a judgment dissolving the injunction with damages, the plaintiff prosecutes this appeal. The administrator, by answer, joins in the appeal, but has furnished us no brief.

*First*—There is no evidence of fraud and collusion.

*Second*—The sale without appraisement was authorized by the third section of the act of 1869 (p. 18), which provides that " in the event any party should neglect or refuse to qualify .(as appraiser) under the provisions of this act, then the property to be sold shall be sold without any appraisement whatever."

The constitutionality of this act is assailed on the grounds that its title is insufficient and its provisons impair the obligation of plaintiff's contract of mortgage.

The title, in our opinion, sufficiently indicates the object of the act : " To regulate the appraisements of property under seizure or of succession in the parishes of Orleans and Jefferson." The legal regulation of the appraisement of property to be sold under execution may appropriately involve the dispensing with an appraisement under certain circumstances, as is done by this act.

We can not assent to the proposition of plaintiff's counsel that the enactment of this regulation subsequent to the date of plaintiff's mortgage is a violation of the constitution, which prohibits the passage of a law impairing the obligations of contracts. It applies only to the remedy for the enforcement of obligations; and the appraisement is established in the interest of the debtor and may be waived by him without consulting other creditors than the seizing creditor. The second mortgage creditor can protect himself by making the property bring its real value.

*Third*—We can discover no such defects as to render null the judgments of the justice of the peace and the proceedings under them. The apparent discrepancy in the number of the court is explained by the statute passed between the date of instituting the suits and that of issuing the executions, changing the sixth to the seventh justice of the peace.

*Fourth*—There is no lesion in judicial sales, and there is no allegation nor proof that the sale was so conducted as to deprive plaintiff of the right to attend and bid on the property.

We will remark that the plaintiff can not complain that he was not permitted to prove the mental imbecility of Clark, as he not only did not make the necessary allegation, but such allegation is inconsistent with his charge of collusion on the part of Clark to injure him. The administrator is not urging any such complaint before us, and besides we think the ruling of the lower judge on this point was correct.

Judgment affirmed.